Barry M. Aylstock, #028983
**FAITH, LEDYARD & FAITH, PLC**
919 North Dysart Road, Suite F
Avondale, Arizona 85323
Phone: (623) 932-0430
Fax: (623) 932-1610
Email: baylstock@faithlaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Deresz, Sr., individually,<br><br>Plaintiff,<br><br>v.<br><br>United Insurance Company, Inc.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT OF 1938 AS AMENDED**<br><br>**(Jury Trial Demanded)** |

Plaintiff ROBERT DERESZ, SR. ("Plaintiff DERESZ"), by and through undersigned counsel, alleges against Defendant as follows:

**JURISDICTION**

1. This action involves alleged violations of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201 *et seq.* This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331.

**VENUE**

2. A substantial part of the events or omissions giving rise to the claim occurred in the District of Arizona. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

3. Plaintiff DERESZ is, and at all times material hereto was, a citizen of the State of Arizona, residing in Maricopa County, Arizona.

4. Defendant UNITED INSURANCE COMPANY, INC. ("Defendant UNITED INSURANCE") is, and at all times material hereto was, an insurance company registered with the Arizona Department of Insurance, doing business in the District of Arizona, and operating in Maricopa County, Arizona.

5. Plaintiff DERESZ will seek leave of court to amend the Complaint in the event other entities or individuals may be liable to Plaintiff DERESZ but whose true names and identities are unknown at this time.

## GENERAL ALLEGATIONS

6. Plaintiff DERESZ hereby incorporates by reference each of the foregoing allegations as if fully stated herein.

7. At all times material hereto, Plaintiff DERESZ was an employee of Defendant UNITED INSURANCE.

8. Defendant UNITED INSURANCE is a private-sector employer whose annual gross revenue exceeds $500,000.00 and was engaged in interstate commerce through the business of insurance.

9. Plaintiff DERESZ was hired as a full-time employee for the position of Automobile Appraiser by Defendant UNITED INSURANCE on approximately May 22, 2012, with a start date of June 11, 2012.

10. At all times material hereto, Plaintiff DERESZ was a covered employee under the FLSA.

11. At all times material hereto, Defendant UNITED INSURANCE was a covered employer under the FLSA.

12. Plaintiff DERESZ was employed as an Automobile Appraiser from June 11, 2012 through September 11, 2015 ("the relevant period of time").

13. In Defendant UNITED INSURANCE's Employee Handbook, Defendant UNITED INSURANCE had two classifications for its employees with respect to whether they were entitled to overtime under the FLSA, specifically employees were termed "non-exempt, hourly employees" or "exempt, hourly employees". Defendant UNITED INSURANCE's Employee Handbook is not attached as an Exhibit so as to not unknowingly violate any potential duty of confidentiality regarding its terms.

14. As an Automobile Appraiser, Plaintiff Deresz was classified by Defendant UNITED INSURANCE as an "exempt, salaried employee."

15. Additionally, in Defendant UNITED INSURANCE's Employee Handbook, Defendant UNITED INSURANCE's "exempt, salaried employees" were "expected to work a minimum of 40 hours per week or more in many cases."

16. Upon information and belief, Plaintiff DERESZ was misclassified by Defendant UNITED INSURANCE as an "exempt, salaried employee."

17. Plaintiff DERESZ's primary job duties as an Automobile Appraiser were completely separate and distinguishable from an Adjustor.

18. As an Automobile Appraiser, Plaintiff DERESZ's primary job duty was to generate an estimate of an automobile damage repair cost using company provided computer software following company written standards.

19. Plaintiff DERESZ's day-to-day duties included receiving an appraisal assignment, traveling to a location to inspect a vehicle for damage, making notes regarding the inspection for damage, inputting his inspection results into company provided computer software, and sending the estimate to Defendant UNITED INSURANCE for all subsequent work performed by an Adjuster.

20. Plaintiff DERESZ's primary job duties did not include determining coverage, determining liability, interviewing the insured, reviewing police reports, negotiating settlements, negotiating an agreed price with a vendor, or negotiating or settling total losses. Plaintiff DERESZ had no authority to settle claims for any amount.

21. Plaintiff DERESZ did not supervise or manage any other employee at Defendant UNITED INSURANCE.

22. Plaintiff DERESZ was directly supervised by an Automobile Appraiser Supervisor of Defendant UNITED INSURANCE.

23. A major part of Plaintiff DERESZ's day-to-day work activities was driving to and from a predetermined location to inspect a vehicle for damage.

24. Upon information and belief, Defendant UNITED INSURANCE has alleged that Plaintiff DERESZ was exempt from the FLSA as a result of the "administrative exemption".

25. Upon information and belief, UNITED INSURANCE did not maintain sufficient recordkeeping, including but not limited to Plaintiff DERESZ's hours worked each day, Plaintiff DERESZ's total hours worked each workweek, Plaintiff DERESZ's total daily or weekly straight-time earnings, or Plaintiff DERESZ's total overtime earnings for the workweek.

26. Instead, Plaintiff DERESZ was paid an equal amount every two weeks based on an annual salary of approximately $53,000.00 without regard to the hours worked in a given week. As a result, Plaintiff DERESZ does not dispute that he was an employee compensated on a salary basis at a rate not less than $455.00 per week.

27. Calculated using Plaintiff DERESZ's hours worked in excess of forty (40) hours per week, during his employment with Defendant UNITED INSURANCE, Plaintiff DERESZ worked approximately 272 hours of overtime in 2015, 414 hours of overtime in 2014, 162 hours of overtime in 2013, and 16 hours of overtime in 2012.  See Exhibit "A" for a detailed accounting of the approximate hours worked in excess of forty (40) hours per week between September 2012 and July 2015.

28. All of Plaintiff DERESZ's hours worked in excess of forty (40) hours per week for the relevant period of time were unpaid by Defendant UNITED INSURANCE.

29. Upon information and belief, Defendant UNITED INSURANCE's failure to pay Plaintiff DERESZ for hours worked in excess of forty (40) hours per week for the relevant period of time was willful and not done in good faith requiring this action to recover damages.

30. No employer shall employ any of his employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours at a rate not less than one and one-half times the regular rate at which he is employed.  *See* 29 U.S.C. § 207(a)(1).

31. Additionally, the FLSA prohibits a covered employer from discharging or in any other manner discriminating against a covered employee because that employee has complained to the employer regarding the employer's violations of the FLSA.  *See* 29 U.S.C. § 215(a)(3).

32. Plaintiff DERESZ complained of violations of the FLSA in late August of 2015 and early September of 2015, and his employment was terminated as of September 11, 2015.

33. Plaintiff DERESZ reserves the right to amend the Complaint if through discovery information is revealed which shows a good faith basis for adding a cause of action and related damages for FLSA retaliation under 29 U.S.C. § 215(a)(3).

**FIRST CLAIM FOR RELIEF**

Violations of the Fair Labor Standards Act of 1938, as Amended - 29 U.S.C. § 201 *et seq.*

34. Plaintiff DERESZ hereby incorporates by reference each of the foregoing allegations as if fully stated herein.

35. Plaintiff DERESZ is a covered employee under the FLSA as described above.

36. Defendant UNITED INSURANCE is a covered employer under the FLSA as described above.

37. Plaintiff DERESZ was wrongfully classified as exempt from the FLSA by Defendant UNITED INSURANCE using the administrative exemption as described above.

38. Plaintiff DERESZ was not exempt from the FLSA because his primary duty was not the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers, and his primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance as described above.

39. Plaintiff DERESZ worked in excess of forty (40) hours a week for the relevant period of time as described above and detailed in Exhibit "A".

40. Defendant UNITED INSURANCE did not pay Plaintiff DERESZ one and one-half times the regular rate at which he was employed for hours worked in excess of forty (40) hours a week for the relevant period of time as described above.

41. Defendant UNITED INSURANCE's actions were willful as described above resulting in liquidated damages pursuant to 29 U.S.C. § 216(b) and a three-year statute of limitations.

42. Plaintiff DERESZ has suffered damages in amounts to be proven at trial as a direct and proximate result of Defendant UNITED INSURANCE's actions including but not limited to lost overtime wages and other compensation pursuant to 29 U.S.C. § 216(b).

43.     Plaintiff DERESZ's attorneys' fees and costs should be paid by Defendant UNITED INSURANCE pursuant to 29 U.S.C. § 216(b), and the Court should grant any other relief, equitable or otherwise, deemed proper.

## DEMAND FOR JURY TRIAL

44.     Plaintiff DERESZ hereby requests a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DERESZ prays for a judgment as follows:

A.     For damages including but not limited to unpaid overtime;

B.     For actual monetary losses sustained as a direct result of the violation;

C.     For liquidated damages as a result of the willful violation;

D.     For reasonable attorneys' fees and costs incurred in this matter;

E.     For pre-judgment and post-judgment interest on the award calculated at the prevailing rate; and

F.     For such further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 8th day of October, 2015.

**FAITH, LEDYARD & FAITH, PLC**

By: */s/ Barry M. Aylstock*
     Barry M. Aylstock
     919 North Dysart Road, Suite F
     Avondale, Arizona 85323
     *Attorney for Plaintiff*

- 7 -